UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| EPCO CARBONDIOXIDE PRODUCTS, INC. | * | DOCKET NO. 06-1800 |
| VERSUS | * | JUDGE JAMES |
| ST. PAUL TRAVELERS INSURANCE COMPANY, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss for Lack of Personal Jurisdiction [doc. # 7] filed by defendant, Midwest Crane Service, LLC. The motion was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). For reasons assigned below, it is recommended that the motion be **GRANTED**.

## BACKGROUND

In May-June 2006, EPCO Carbondioxide Products, Inc. ("EPCO") and Midwest Crane Service, LLC ("Midwest") signed three work orders agreeing that Midwest would provide various equipment and personnel to load/unload compressors in Beatrice, Nebraska. (Def. Exhs. A-G; Affidavit of Mark Rasmussen). However, during the unloading procedure on June 5, 2006, a compressor fell and sustained significant damage. (Complaint, ¶ 10). On October 13, 2006, EPCO filed the instant suit for resulting damages against Midwest and its insurer, St. Paul Travelers Insurance Company.

On February 15, 2007, Midwest filed the instant motion to dismiss for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). The motion is unopposed. (*See*, LR.7.5W; and Notice of Setting Motion [doc. # 9]). The matter is now before the court.

## LAW AND ANALYSIS

A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant as long as (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state does not transgress due process protections under the United States Constitution. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Louisiana's long-arm statute extends jurisdiction to the full limits of the Constitution. *See*, La. R. S. § 13:3201(B). Accordingly, the sole issue here is whether exercising *in personam* jurisdiction over the non-resident defendant comports with federal due process.

For personal jurisdiction to satisfy due process requirements, the plaintiff must establish that "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, ____ F.3d ____, 2007 WL 731375 (5th Cir. 3/12/07)(citations omitted).

The "minimum contacts" prong divides contacts into those that give rise to general jurisdiction and those that give rise to specific jurisdiction. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). General jurisdiction may be exercised when a defendant's contacts with the forum state are "continuous and systematic," regardless of whether the action is related to the forum contacts. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006)(citations omitted). Specific jurisdiction applies where the non-resident defendant has relatively few contacts with the forum state, but the suit arises out of or is related

to the defendant's contacts with the forum.  *Id*.  (citations omitted).  In the case *sub judice*, there are no allegations or evidence that Midwest had any contacts with Louisiana unrelated to the instant dispute.  *See also*, Rasmussen Affidavit.  Accordingly, only specific jurisdiction is at issue.

   "A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendants [sic] contacts with the forum state."  *Freudensprung, supra* (citations omitted).  When the court resolves a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, plaintiff need only make a *prima facie* showing of the jurisdictional facts.  *Id*.  The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits."  *Seiferth, supra.*

   In the case *sub judice*, plaintiff alleges that a contract was perfected between EPCO and Midwest in Louisiana via a purchase order issued by Midwest.  (Complaint, ¶ 6).  The complaint further alleges that the agreement arose out of communications, contacts, and transactions that occurred in Louisiana.  *Id*. at ¶ 7.  In contrast, Midwest adduced an affidavit by one of its owners, Mark D. Rasmussen, wherein he averred that three work orders were the only written confirmation between EPCO and Midwest regarding the work to be performed at the Nebraska facility.  (Rasmussen Affidavit; Def. Exhs. A-C).  The three work orders were prepared in Nebraska, and contemplated work to be performed entirely in Nebraska.  (Rasmussen Affidavit).  All of the negotiations regarding the work orders took place in Nebraska, and the work orders were signed by representatives of both parties in Nebraska.  *Id*.  Midwest's only contact with

Louisiana comprised two invoices that it mailed to Louisiana for payment.  (Rasmussen Affidavit; Def. Exhs. D-E).

It is manifest that contracting with a resident of the forum state alone is insufficient to establish minimum contacts.  *Moncrief Oil Intern., Inc.*, *supra* (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)).  Moreover, a plaintiff's unilateral activities in the forum state do not constitute minimum contacts where, as here, the non-resident defendant did not perform any of its obligations in the forum state; the contract did not require performance in the forum state; and the contract was centered outside of the forum state.  *Moncrief Oil Intern., Inc., supra* (citation omitted).  Similarly, "the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant."  *Freudensprung*, 379 F.3d at 344 (citations omitted).  *A fortiori*, Midwest's more attenuated contacts with Louisiana are constitutionally insufficient to subject it to suit in this state.[1]

For the foregoing reasons,

**IT IS RECOMMENDED** that Midwest Crane Service, LLC's Motion to Dismiss for Lack of Personal Jurisdiction be GRANTED, and that plaintiff's claims against said defendant be DISMISSED, without prejudice.  Fed.R.Civ.P. 12(b)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

---

[1]  Having determined that no minimum contacts exist to exercise jurisdiction over Midwest, the court need not consider whether such jurisdiction would violate traditional notions of fair play and substantial justice.  *Moncrief Oil Intern., Inc.*, *supra*

ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) business days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Monroe, Louisiana, this 16th day of March, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE