UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **EPCO CARBONDIOXIDE PRODUCTS, INC.** | * | **DOCKET NO. 06-1800** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ST. PAUL TRAVELERS INSURANCE COMPANY, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are plaintiff, EPCO Carbondioxide Products, Inc.'s ("EPCO") motion to compel [doc. # 29] and motion for extension of deadlines [doc. # 33], and defendant, Travelers Property Casualty Company of America's ("Travelers") motion for protective order [doc. # 34].[1]  For reasons stated below, the motion to compel is granted in part and denied in part, the motion to extend deadlines is granted, and the motion for protective order is denied.

On April 20, 2007, plaintiff served defendant with a "Subpoena to Produce Documents or Things" to Travelers.  (Pl. Exh. A).  The subpoena sought

> [a] certified copy of the entire claims file of EPCO Carbondioxide Products, Inc. concerning the property damage claim arising out of the accident that occurred on June 5, 2006, including all electronic communications regarding the claim of EPCO Carbondioxide Products, Inc. and the decision not to pursue the right of

---

[1] Travelers filed its "motion" for protective order as a "request" within its opposition memorandum. [doc. # 34].

As these motions are not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

      subrogation against Mid-West Crane Service or its insurer and all documents
      relating to the interpretation of the contracts entered into between EPCO
Carbondioxide Products, Inc. and Mid-West Crane Service."
(Pl. Exh. B).

According to plaintiff, Travelers produced only a portion of its claim file and a privilege log identifying certain documents which were not produced. By August 10, 2007, Travelers had not submitted a formal response to the April 20, 2007, subpoena, and thus EPCO filed the instant motion to compel.[2] In response to plaintiff's motion to compel, Travelers stated that the only documents intentionally withheld from plaintiff were the documents listed on its privilege log. In conjunction with its opposition, Travelers asked the court to enter an order protecting the discovery of the documents listed on its privilege log. To assist the court in its determination, Travelers filed the log documents in the court record, under seal. [doc. # 35].

      The undersigned observes that Travelers' privilege log, as amended, is comprised of ranges of Bates numbers and the blanket statement "[c]laim notes with references to counsel or discussions with counsel." (Opp. Memo., Exh. A). Rule 26(b)(5)(a) provides that a party claiming privilege must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5)(a). A "blanket" assertion of privilege does not suffice. *In re Shell Oil Refinery*, 812 F. Supp. 658, 661 (E.D. La. 1993).

      Obviously, Travelers' privilege log does not enable EPCO to assess the applicability of the privilege. *See*, Pl. Reply Brief. Moreover, the existing log does not enable EPCO to

---

[2] Travelers stated that it submitted a formal response to the subpoena on August 13, 2007. (Opp. Memo., pg. 3).

determine whether that notwithstanding the privilege claimed, it has a substantial need for the documents and that it is unable to acquire the equivalent information without undue hardship by other means. *See*, Fed.R.Civ.P. 26(b)(3). At a minimum, a privilege log should include for each withheld document or entry: the date of the document or entry, the name of its author and recipient, the names of all people given or forwarded copies of the document or entry, the subject(s) of the document or entry, and the specific privilege or privileges asserted. *See, Haensel v. Chrysler Corp.*, 1997 WL 537687 * 4 (E.D. La. 8/22/1997) (citing *Torres v. Kuzniasz*, 936 F. Supp. 1201(D. N.J.1996).[3]

**Accordingly, within 15 days from today's order, or by October 30, 2007, Travelers shall provide EPCO with a supplemental privilege log that complies with the above-stated requirements and Rule 26(b)(5).** If after reviewing the supplemental log, plaintiff believes that the documents are not privileged or that they are otherwise subject to disclosure upon the requisite showing under Rule 26(b)(3), then plaintiff may re-urge its motion to compel. Defendant must then respond with evidence to support its claim of privilege or protection from Rule 26(b)(3) disclosure.

Also before the court is plaintiff's motion to extend the deadlines to deliver expert reports and to serve written discovery. The district court is vested with "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir.1979)). Earlier this year, however, the Fifth Circuit held that a district court abused its discretion by refusing to permit

---

[3] Travelers should also explain the positions held by the persons identified in the log and their relationship with Travelers.

plaintiff to submit expert testimony after the deadline had passed. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 706 (5th Cir. 2007). In so doing, the court considered the following factors, "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id*. (quoted source omitted). Applying these considerations here, the undersigned observes that plaintiff's proposed expert, Mr. Ryles, will not agree to serve as an expert until he has been provided with all discovery. (Def. Opp. Memo., Exh. B). As plaintiff has not identified any other expert, Ryles's testimony is potentially critical to plaintiff's case. Moreover, any potential prejudice to defendant may be ameliorated by a continuance of other deadlines. However, a 90 day continuance of the expert report deadline and deadline to serve written discovery will compel the continuance of other deadlines which will in turn unduly compress the deadlines associated with the March 10, 2008, trial setting in this matter. Accordingly, the proper course of action is to upset the current trial setting and vacate the June 12, 2007, Scheduling Order.

For the above-stated reasons,

Plaintiff's motion to compel **[doc. # 29] is GRANTED in part** to the extent that defendant is hereby ORDERED to supplement its privilege log within 15 days from today's order, or by October 30, 2007. The motion, and incorporated request for sanctions and fees, is otherwise DENIED, without prejudice to the plaintiff's right to re-urge the motion after it has received and reviewed the supplemental privilege log.

Defendant's motion for a protective order, nominated in its opposition memorandum as a "request," **[doc. # 34] is hereby DENIED**, without prejudice to its right to re-urge, if necessary.

Plaintiff's motion to extend deadlines **[doc. # 33] is GRANTED**. **The June 12, 2007, Scheduling Order is hereby VACATED**; a new scheduling order shall be issued in due course.

**IT IS SO ORDERED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of October, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE