# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| EPCO CARBONDIOXIDE PRODUCTS, INC. | * | DOCKET NO. 06-1800 |
| VERSUS | * | JUDGE JAMES |
| ST. PAUL TRAVELERS INSURANCE COMPANY, ET AL. | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is plaintiff, EPCO Carbondioxide Products, Inc.'s ("EPCO") supplemental motion to compel [doc. # 47].[1]  For reasons stated below, the motion is DENIED.

In May-June 2006, EPCO Carbondioxide Products, Inc. ("EPCO") and Midwest Crane Service, LLC ("Midwest") signed three work orders agreeing that Midwest would provide various equipment and personnel to load/unload compressors in Beatrice, Nebraska.  (Def. Exhs. A-G; Affidavit of Mark Rasmussen).  On June 5, 2006, during the unloading procedure, a compressor fell and sustained significant damage.  (Complaint, ¶ 10).  On October 13, 2006, EPCO filed the instant suit for resulting damages against Midwest and its insurer, St. Paul Travelers Insurance Company ("Travelers").  In April 2007, Midwest, and its insurer, Travelers were dismissed from the instant suit.  (*See*, Judgments dated April 10 & 11, 2007).  Meanwhile,

---

[1]  As the motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

on December 4, 2006, EPCO amended its complaint to join Travelers in its capacity as EPCO's

insurer.[2]  EPCO seeks penalties against Travelers under Louisiana Revised Statute 22:1220 for its

alleged misrepresentation of facts or insurance policy provisions, failure to pay EPCO within 60

days of proof of loss, failure to timely investigate the matter, and refusal to pay the claim without

a valid defense.  (1st Suppl. & Amend. Compl., ¶¶ 24-25).[3]

On April 20, 2007, plaintiff served Travelers with a "Subpoena to Produce Documents or

Things."  (Pl. Exh. A).  The subpoena sought

> [a] certified copy of the entire claims file of EPCO Carbondioxide Products, Inc.
> concerning the property damage claim arising out of the accident that occurred on
> June 5, 2006, including all electronic communications regarding the claim of
> EPCO Carbondioxide Products, Inc. and the decision not to pursue the right of
> subrogation against Mid-West Crane Service or its insurer and all documents
> relating to the interpretation of the contracts entered into between EPCO
> Carbondioxide Products, Inc. and Mid-West Crane Service."

(Pl. Exh. B).

According to plaintiff, Travelers produced only a portion of its claim file and a privilege log

identifying certain documents which were not produced.  By August 10, 2007, Travelers had not

submitted a formal response to the April 20, 2007, subpoena, and thus EPCO filed a motion to

compel.[4]  In response to plaintiff's motion to compel, Travelers explained that the only

documents intentionally withheld from plaintiff were the documents listed on its privilege log.  In

conjunction with its opposition, Travelers filed the log documents in the court record, under seal.

---

[2]  Travelers insured both EPCO and Midwest.

[3]  Travelers reimbursed EPCO for its loss of equipment, less a $ 50,000 deductible.  *Id*. at
¶ 20.  Travelers declined to pay EPCO $ 30,727.43 for its lost income and additional expenses.
*Id*. at ¶¶ 21-22.

[4]  Travelers stated that it submitted a formal response to the subpoena on August 13,
2007.  (Opp. Memo., pg. 3).

[doc. # 35].

In an October 15, 2007, Memorandum Order, the undersigned observed that Travelers' privilege log did not comply with the requirements of Federal Rule of Civil Procedure 26(b)(5)(a).  (*See*, October 15, 2007, Memorandum Order).  The court directed Travelers to provide a privilege log which included for each withheld document or entry:  the date of the document or entry, the name of its author and recipient, the names of all people given or forwarded copies of the document or entry, the subject(s) of the document or entry, and the specific privilege or privileges asserted.  *Id*.  (citing *Haensel v. Chrysler Corp.*, 1997 WL 537687 * 4 (E.D. La. 8/22/1997).[5]  Travelers was afforded until October 30, 2007, to provide EPCO with a supplemental privilege log that complied with the foregoing requirements and Rule 26(b)(5). *Id*.  Thereafter, if plaintiff believed that the documents were not privileged, or that they were otherwise subject to disclosure upon the requisite showing under Rule 26(b)(3), plaintiff was authorized to re-urge its motion to compel.  *Id*.  Defendant would then have the opportunity to respond with evidence to support its claim of privilege or protection from Rule 26(b)(3) disclosure.  *Id*.

On October 31, 2007, plaintiff re-urged its motion to compel via the instant supplemental motion to compel.[6]  Travelers filed its opposition on November 16, 2007.  The matter is now before the court.

---

[5]  The court further instructed Travelers to explain the positions held by the persons identified in the log and their relationship with Travelers.  *Id*.

[6]  In its motion, EPCO reduced the requested documents to TRV- 292, 295, 302-303, 305, 307-308, & 310-312.

<u>Discussion</u>

In a diversity suit involving state law claims (as here), the courts apply the law of the forum state to resolve claims of attorney-client privilege.  *See*, Fed.R.Evid. 501; *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991); and *Scherer v. Latter*, 1998 WL 205417 (E.D. La. 4/27/1998).  Under Louisiana law, a communication falls within the attorney client privilege when (1) the communication is confidential; (2) the purpose of the communication is to facilitate the rendition of legal services; and (3) the communication is between the client and his lawyer or their representatives.  *Brookshire Bros. Holding, Inc. v. Total Containment, Inc.*, 2006 WL 845731(W.D. La. 3/30/2006) (citing *Cacamo v. Liberty Mut. Fire Ins. Co.*, 798 So.2d 1210, 1216 (La. App. 4th Cir. 2001); *see also*, La. Code Evid. Art. 506(B)(1).  The burden of proof is on the party seeking to assert the attorney-client privilege. *Brookshire, supra* (citations omitted).

In the case *sub judice*, Travelers did not adduce evidence to establish that the entries in the claim file were kept confidential.  Indeed, some entries suggest that the communications were shared with individuals acting on behalf of other parties.  (*See, e.g.*, TRV 292).[7]  Travelers also did not identify the positions or capacities of the parties mentioned in the documents.  The entries refer to staff counsel, but Travelers does not explain counsel's affiliation with the company.  If by "staff" counsel Travelers means "in-house" counsel, then the scope of the privilege becomes more difficult to discern because in-house counsel enjoys a higher level of participation in the

---

[7]  "[D]isclosure of any significant portion of a confidential communication waives the privilege as to the whole." *U.S. v. El Paso Co.*,  682 F.2d 530, 538-539 (5th Cir. 1982) (citation omitted).

4

day to day operations of the corporation.  *See, Brookshire, supra* (citations omitted).  The attorney-client privilege "attaches only to communications made for the purpose of giving or obtaining legal advice, not business or technical advice."  *Id*. (citations omitted).  While the documents contain some communications by staff counsel that plainly constitute legal advice, other communications with counsel are less discernible without evidence explaining the capacity and extent of staff counsel's employment.

The work product doctrine is set forth in Federal Rule of Civil Procedure 26(b)(3).  It provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . ."  Fed.R.Civ.P. 26(b)(3) (effective, December 1, 2007).  The burden of proof is on the party seeking to protect the documents from discovery.  *Guidry v. Jen Marine LLC*,  2003 WL 22038377 (E.D. La. 8/22/2003) (citation omitted).  The standard for determining whether a document was prepared in anticipation of litigation is if "the primary motivating purpose behind the creation of the document was to aid in possible future litigation."  *Douga v. D & Boat Rentals, Inc.*, 2007 WL 1428678 (W.D. La. 5/10/2007) (quoting *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir.1981)).  Materials assembled in the ordinary course of business or pursuant to public requirements unrelated to litigation are excluded from work product materials.  *Id*. (citing *U.S. v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir.1982)).  Insurance claim files

> straddle both ends of this definition, because it is the ordinary course of business
> for an insurance company to investigate a claim with an eye toward litigation.
> Consequently, claim files generally do not constitute work product in the early
> stages of investigation, when the insurance company is primarily concerned
> with 'deciding whether to resist the claim, to reimburse the insured and seek
> subrogation ... or to reimburse the insured and forget about the claim thereafter.

*Allstate Ins. Co. v. Ever Island Elec. Co.*, 2007 WL 2728979 (N.D. Ga. 9/17/2007) (quoted

source omitted).

Some factors that courts consider to determine the primary motivation for the creation of a document include 1) whether counsel had been retained and her involvement in the generation of the document; and 2) whether it was a routine practice to prepare that type of document, or whether the document was prepared in response to a particular circumstance. *Piatkowski v. Abdon Callais Offshore, L.L.C.*, 2000 WL 1145825 (E.D. La. 8/11/2000). "If the document would have been created regardless of whether litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation." *Id*. (citation omitted). Travelers did not establish that the documents at issue were only prepared because litigation was anticipated. Travelers also did not adduce any affidavits or other evidence to establish whether "staff" counsel's involvement in an insurance claim establishes a line of demarcation between an ordinary claim, and one where litigation is anticipated.[8]

In sum, Travelers did not deign to apply the elements of the attorney-client privilege and work product doctrine to each of the entries in the claims file which it seeks to protect. Travelers simply concluded that the documents were protected by the attorney-client privilege and/or work product doctrine. However, the mere assertion by an attorney that responsive materials are

---

[8] In its opposition memorandum, Travelers stated that it estimated that the damages would exceed $ 100,000, and therefore it reasonably expected that a party would file suit. (Opp. Suppl. M/Compel, pg. 5). However, Travelers supported this assertion by citing to a Response to Request for Production which does not readily appear in the instant record. Travelers also states in its memorandum that EPCO intimated by October 5, 2006, that it would file suit. *Id*. However, this statement suggests that prior to that date, Travelers was not aware that EPCO was contemplating litigation. Indeed, there is little or no indication in the claims file before the court that Travelers intended to deny EPCO's claim for loss of business and expenses.

attorney-client privileged or protected by the work product doctrine is not evidence establishing that the information is privileged.  *Estate of Manship v. U.S.*,  232 F.R.D. 552, 561 (M.D. La. 2005).  Moreover, the court is neither obliged, nor inclined to *sua sponte* comb through the documents and infer the elements of the most appropriate privilege on behalf of the requesting party.

If Travelers had established that the documents at issue were entitled to work product protection, the documents might still have been subject to production if they were otherwise discoverable under Rule 26(b)(1) and if EPCO had demonstrated that "it ha[d] a substantial need for the materials to prepare its case and [could not], without undue hardship, obtain their substantial equivalent by other means."  Fed.R.Civ.P. 26(b)(3).[9]  However, a "simple assertion that an insured cannot otherwise prove her case of bad faith does not automatically permit an insured 'to rummage through [the insurers'] claims file.'"  *Dixie Mill Supply Co., Inc. v. Continental Cas. Co.*,  168 F.R.D. 554, 559 (E.D. La. 7/10/ 1996) (citation omitted).  Moreover, discovery of work product will be denied when the requesting party can obtain the desired information via deposition.  *In re International Systems and Controls Corp. Securities Litigation*, 693 F.2d 1235, 1240-1241 (5th Cir. 1982).[10]  Broad unsubstantiated assertions of unavailability or faulty memory do not suffice.  *Id*.  "While arguably it may be more difficult to prove a claim of bad faith . . . without examining an insurance company's claims file, that does not mean it is

---

[9]  Note the distinction between "ordinary" and "opinion" work product.  *Conoco Inc. v. Boh Bros. Const. Co.*,  191 F.R.D. 107, 118 (W.D. La.1998).

[10]  The work product doctrine protects only the documents themselves – not the underlying facts.  *In re International Systems and Controls Corp. Securities Litigation*, 693 F.2d 1235, 1240 -1241 (5th Cir. 1982).

impossible." *Dixie Mill Supply Co., Inc., supra* (citation omitted).  EPCO plainly did not meet its burden.

Notwithstanding the foregoing discourse on the law of attorney-client privilege and the work product doctrine, the instant motion is more appropriately resolved on an alternative basis. In its opposition to the original motion to compel, Travelers pointed out that EPCO's claim that Travelers failed to pursue a subrogation claim is moot in light of the intervention filed by Travelers in *EPCO Carbondioxide Products v. Midwest Crane Services, L.L.C.*, Civil Action Number 07-0108 (D. Neb. 2007).[11]  In its latest filing, EPCO confirmed that it "is only seeking those documents claimed to be privileged, yet involve the decision Travelers made concerning subrogation." (Pl. Memo., pg. 4).  The undersigned is compelled to agree that Travelers' alleged failure to file a subrogation claim against Midwest[12] is now moot, and thus EPCO's efforts to discover documents related to Travelers' subrogation decision are not  "reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).[13]  Accordingly, EPCO's

---

[11]  *See*, doc. # 37, Exh. B filed in this suit.  On September 18, 2007, Travelers Property Casualty Company intervened in the suit filed by EPCO against Midwest Crane Service in the United States District Court for the District of Nebraska, Civil Action Number 07-0108 (D. Neb. 2007).  The intervention asserted that "Travelers has a right of subrogation to the extent of its payment as against any party against whom Plaintiff EPCO has rights to recover damages, including Defendant Midwest."  (Civil Action Number 07-0108, Doc. # 42 (D. Neb. 2007)).

[12]  The undersigned presumes for purposes of this motion that the insured possesses a cause of action regarding the insurer's decision to file, or not file, a subrogation claim against a third party, a legal issue that appears doubtful at best in the absence of any allegation that the insurer was contractually obligated to file a subrogation claim or that it had otherwise agreed to seek subrogation damages.

[13]  EPCO did not respond to Travelers' argument that the subrogation issue is moot.

supplemental motion to compel [doc. # 47] is hereby **DENIED**.[14]

        **IT IS SO ORDERED**.

        THUS DONE AND SIGNED at Monroe, Louisiana, this 21st day of December, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[14]  In its opposition to the supplemental motion to compel, Travelers asked the court to enter an order protecting the documents listed in Travelers' privilege log from discovery. However, Travelers previously requested a protective order in its opposition to EPCO's original motion to compel.  At that time, the Clerk of Court reminded counsel that "multiple pleadings SHOULD NOT be combined into one document, but should be filed separately."  (*See*, September 28, 2007, docket entry).  Accordingly, Travelers' latest request/motion for a protective order is not properly before the court.